IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| AMY LAWRENCE,<br><br>      Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>      Defendant. | CIVIL ACTION NO.: 2:20-cv-67 |

# REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Geoffrey Casher ("the ALJ" or "ALJ Casher") denying her claim for Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision. Docs. 19, 21. Defendant asserts the Commissioner's decision should be affirmed. Doc. 20. For the reasons which follow, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income on July 11, 2017, alleging an onset date of July 11, 2017. R. 15.[1] On May 30, 2019, ALJ Casher held a hearing, at which

---

[1] A transcript of the entire proceedings before the Social Security Administration appears at Document Numbers 15-1 through 15-15. Although the transcript is broken into multiple PDF documents, each with its own CM/ECF docketing number, the transcript bears individual page numbers that run sequentially through the entire transcript. Record citations in this Report (identified with "R.") are to the individual transcript page numbers. For efficiency, no reference to the CM/ECF docketing number or the respective PDF page numbers is provided here.

Plaintiff, who was represented by counsel, appeared and testified. Id. Kim E. Bennett, a vocational expert, also appeared at the hearing. Id. ALJ Casher denied Plaintiff's claim for disability after the hearing in a decision issued on July 5, 2019. R. 18–27. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. R. 1.

Plaintiff, born on December 18, 1973, was 43 years old at the time of the alleged onset date and 45 years old at the time of the ALJ's decision in 2019. R. 25. She has limited education and no past relevant work experience. Id.

## DISCUSSION

### I. The ALJ's Findings

Title II of the Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Act qualifies the definition of disability as follows:

> An individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]

42 U.S.C. § 423(d)(2)(A). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person meets the definition of disability. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987).

The first step determines if the claimant is engaged in "substantial gainful activity." Id. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied.

Id.  If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments.  Id. at 140–41.  If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three.  The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004).  If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled.  Yuckert, 482 U.S. at 141.

If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work, i.e., whether the claimant has the residual functional capacity to perform her past relevant work.  Id.; Stone v. Comm'r of Soc. Sec., 503 F. App'x 692, 693 (11th Cir. 2013).  A claimant's residual functional capacity "is an assessment . . . of the claimant's remaining ability to do work despite [her] impairments."  Id. at 693–94 (ellipsis in original) (quoting Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)).  If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience.  Phillips, 357 F.3d at 1239.  Disability benefits will be awarded only if the claimant is unable to perform other work.  Yuckert, 482 U.S. at 142.

Here, the ALJ followed this sequential process to determine Plaintiff did not engage in substantial gainful activity since her alleged onset date, July 11, 2017.  R. 17.  At step two, ALJ Casher determined Plaintiff had the following severe impairments: recurrent hiatal hernia

3

postsurgical procedure; chronic abdominal pain; history of Nissen fundoplication; reflux disease; obesity; major depressive disorder; post-traumatic stress disorder ("PTSD"); borderline personality disorder; and schizophrenia.  Id.  The ALJ also determined Plaintiff had several non-severe medical impartments, including degenerative disc disease of the lumbar spine, otalgia, decreased visual acuity, headaches, multiple sclerosis, hypertension, high cholesterol, and a history of optic neuritis.  Id.  At the third step, the ALJ determined Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of a listed impairment. R. 18.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform work at the medium exertional level with the following exceptions: she can lift and carry 50 pounds occasionally and 25 pounds on a frequent basis; she can stand or walk six hours of an eight-hour work day with six or more hours of seated work; she is limited to frequent bending, balancing, stooping, kneeling, crouching, crawling, and climbing of ramps and stairs, but she should not climb ladders, ropes, or scaffolds; she should not be exposed to hazardous conditions, such as unprotected heights or dangerous machinery; she is limited to simple routine tasks involving no more than simple, short instructions and simple work-related decisions with few workplace changes; she should not work at production rate pace or piece paid assembly-line type work; she can maintain attention or concentration for two-hour blocks of time during an eight-hour work day; she is able to schedule and maintain regular attendance and be punctual within customary work tolerance; and she is limited to occasional interaction with the public, co-workers, and supervisors.  R. 19–20.  At the next step, the ALJ noted Plaintiff did not have past relevant work. R. 25.  The ALJ concluded at the fifth and final step Plaintiff could perform jobs such as sandwich maker, kitchen helper, and cook helper, all of which exist in significant numbers in the national economy.  R. 25–26.

II.  **Issue Presented**

Plaintiff asserts the ALJ erred because his RFC determination is unsupported by substantial evidence, as he failed to: (1) incorporate limitations from an opinion he found persuasive; (2) discharge his duty to develop the record and obtain an updated medical opinion; and (3) properly evaluate the opinion evidence of record. Doc. 19 at 2.

III. **Standard of Review**

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345-T-27, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

## IV.     The ALJ Did Not Properly Articulate His Assessment of Dr. Agarwal's Opinion

Dr. Agarwal opined Plaintiff could sit, stand, and walk only up to 6 hours in an 8-hour workday with periods of rest and lift weights of less than 20 pounds.  R. 24.  The ALJ found this opinion only partially persuasive.  R. 24–25.  Plaintiff argues the ALJ failed to properly evaluate the opinion of consulting examiner Dr. Agarwal.  Doc. 19 at 19–21.  Defendant asserts the ALJ properly assessed Dr. Agarwal's opinion.  Doc. 20 at 21–25.

### A.     Legal Standard

An ALJ considering medical opinions "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." 20 C.F.R. § 416.920c(a); see Works v. Saul, No 4:19-CV-1515, 2021 WL 690126, at *15, 24 (N.D. Ala. Feb. 23, 2021).[2] Instead, "when evaluat[ing] the persuasiveness of medical opinions," the ALJ "will consider those medical opinions . . . using the factors listed . . . the most important factors . . . [being]

---

[2] On January 18, 2017, the Social Security Administration substantially revised the Regulations governing how the Commissioner considers medical evidence, including medical opinions.  See 82 Fed. Reg. 5844 (Jan. 18, 2017); 82 Fed. Reg. 15,132 (Mar. 27, 2017).  Those revisions apply to claims filed on or after March 27, 2017, and are, therefore, applicable in this case.  Compare 20 C.F.R. § 416.920c (applicable to claims filed on or after on or after March 27, 2017) with 20 C.F.R. § 416.927 (applicable to claims filed before March 27, 2017).

6

supportability . . . and consistency." 20 C.F.R. § 416.920c(b)(2) (The listed factors also include relationship between the source and the claimant, the source's specialization, and "other factors[.]"). The controlling Regulation provides some guidance to ALJs on the "supportability" and "consistency" factors. 20 C.F.R. § 416.920c(c)(1)–(2). "Supportability" is a measure of how much a medical opinion is supported by objective medical evidence and explanations provided by the medical source giving the opinion. See 20 C.F.R. § 416.920c(c)(1). "Consistency" is a measure of how consistent the medical opinion is with evidence from other sources (medical and nonmedical). See 20 C.F.R. § 416.920c(c)(2). Opinions that have a high degree of "supportability" and "consistency" should be treated as more persuasive. 20 C.F.R. § 416.920c(c)(1)–(2).

The ALJ must articulate how supportability and consistency "were considered for a medical sources opinion, but an ALJ is not required to articulate consideration of the remaining factors." Anthony v. Kijakazi, CV 120-110, 2021 WL 4304725, at *3 (S.D. Ga. Sept. 3, 2021) (citing 20 C.F.R. § 416.920c(b)(2) and Uresi v. Comm'r of Soc. Sec., No. 2:20-CV-367, 2021 WL 2644549, at *4 (M.D. Fla. June 28, 2021)). The ALJ must "provide sufficient detail concerning the degree to which he finds a medical source's opinion persuasive so that a reviewing court may understand the ALJ's analysis." Works, 2021 WL 690126 at *15 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011)); see Jackson v. Soc. Sec. Admin., Comm'r, 779 F. App'x 681, 684 (11th Cir. 2019). While an ALJ can perform a single analysis for a medical source who provides multiple medical opinions, he must still discuss supportability and consistency in the analysis. 20 C.F.R. § 416.920c(b)(1). As with all conclusions, the ALJ's conclusions regarding medical source opinions must be supported by substantial evidence in the record. Buckwalter v. Acting Comm'r of Soc. Sec., 5 F.4th 1315,

1320 (11th Cir. 2021) (citing Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004)).[3]

### B.     Analysis

The ALJ found Dr. Mukesh Agarwal's opinion about Plaintiff's ability to sit, stand, walk, and lift only partially persuasive because:

> [Dr. Agarwal's] opinion is not completely consistent with his own examination findings.  For example, while the examination showed that the [Plaintiff] had a decreased range of motion on back, bilateral hips, bilateral knees, but that was related to obesity.  Additionally, the examination shows the claimant had normal muscle strength and full range of motion in her arms and fingers.  Overall, the statement seems to rely heavily on [Plaintiff's] subjective complaints rather than the objective findings during the examination.

R. 24–25.  ALJ Casher begins his assessment of Dr. Agarwal's opinion by stating it is "not completely consistent" with his own examination findings.  However, ALJ Casher's comments show he is not addressing the consistency factor, but rather supportability.  That is, whether a medical opinion is supported by objective medical evidence and explanations provided by the medical source giving the opinion goes to supportability, not consistency.  See 20 C.F.R. § 416.920c(c)(1).

Even considering the ALJ's comments under the supportability rubric, the ALJ fails to adequately articulate his assessment of Dr. Agarwal's opinion.  R. 376–77.  The ALJ does not clearly state which portion of Dr. Agarwal's findings is unsupported, which is important given Dr. Agarwal made findings related to Plaintiff's range of motion, strength, ability to sit, walk, or stand during the day and how much she could lift.  R. 371–75.  To the extent the ALJ believes

---

[3]     In revising the Regulations to remove the treating source rule, the Social Security Administration explained, "[U]nder the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether *substantial evidence* supports our final decision[.]"  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017) (emphasis added).  Accordingly, nothing in the revised Regulations alters the requirement the ALJ's decisions be supported by substantial evidence.

Dr. Agarwal's strength and range of motion findings are unsupported with the sit, stand, walk, or lift limitations, there is no apparent lack of supportability.  In other words, it is not clear why a finding of decreased range of motion due to obesity would undermine Dr. Agarwal's conclusions about Plaintiff's ability to sit, stand, or walk during a workday.  And the ALJ fails to provide any explanation or guidance on how Dr. Agarwal's examination findings are at odds with his medical opinions.  Stewart v. Comm'r of Soc. Sec. Admin., 746 F. App'x 851, 856 (11th Cir. 2018)[4] ("Without clearly articulated grounds for [rejecting a doctor's opinion], we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.") (quoting Winschel, 631 F.3d at 1179); Stroman v. Astrue, 08-22881-CV, 2009 WL 3669640, at *3 (S.D. Fla. Nov. 4, 2009) (holding ALJ failed to clearly articulate the reasons for rejecting treating physician's opinion when ALJ noted "opinion was contrary to other medical evidence, but did not specify what that evidence was," and noted the "opinion was inconsistent with [treating physician's] treatment notes but did not specify how that was the case").  Indeed, a finding of decreased range of motion in Plaintiff's back, hips, and knees likely supports a restriction on her ability to sit, stand, walk, or how much she can lift.  Dr. Agarwal's examination finding of normal strength and range of motion for arms and fingers is not necessarily inconsistent with Dr. Agarwal's opinions on Plaintiff's sit, stand, walk, and lift limitations.  Because the ALJ failed to adequately articulate how he reached his conclusion on supportability, remand is required.

Even if the ALJ had properly addressed the supportability factor, he completely failed to address the consistency factor, as required by the Regulation.  "Consistency" compares the

---

[4]  The undersigned acknowledges Stewart dealt with an ALJ's articulated reasons for giving certain "weight" to a treating physician's opinion under prior Regulations and not persuasiveness under the regulations governing this action.  However, the governing Regulations still require the ALJ to "articulate" how medical opinions are considered.  20 C.F.R. § 416.920c.  Therefore, the Court considers Stewart's analysis informative on what constitutes adequate articulation under the new Regulations.

physician's findings with evidence from other sources (medical and nonmedical) in the record. See 20 C.F.R. § 416.920c(c)(2).  The Regulations require the ALJ to articulate his consideration of consistency in the decision.  20 C.F.R. § 404.1520c(b)(2); Mayfield v. Comm'r, Soc. Sec. Admin., No. 7:20-CV-01040, 2021 WL 5300925, at *5 (N.D. Ala. Nov. 15, 2021) (explaining remand is required where the ALJ fails to address either supportability or consistency).  As there is no articulation by ALJ Casher of how consistent Dr. Agarwal's medical opinion is with other evidence in the record, the ALJ erred.

Although Defendant asserts ALJ Casher's determination about the persuasiveness of Dr. Agarwal's opinion is correct, remand is still required.  Defendant provides an explanation of how some aspects of the record could show Dr. Agarwal's opinions lack consistency and supportability, thus supporting the ALJ's conclusion on the persuasiveness of Dr. Agarwal's opinion.  Doc. 20 at 22–24.  But there is no indication the ALJ actually considered the other medical evidence in the record to which Defendant points.  When determining the persuasiveness of Dr. Agarwal's opinion, the only references ALJ Casher makes are to "[Dr. Agarwal's] own examination findings."  R. 24–25.  There are no references to any other records or findings in his discussion of Dr. Agarwal's assessment.  Thus, Defendant offers nothing more than a *post hoc* rationalization, which cannot be considered.  Dempsey v. Comm'r of Soc. Sec., 454 F. App'x 729, 733 (11th Cir. 2011) (explaining a court will not affirm based on a *post hoc* rationale that "might have supported the ALJ's conclusion") (quoting Owens v. Heckler, 748 F.2d 1511, 1516 (11th Cir. 1984)); NLRB v. Ky. River Cmty. Care, Inc., 532 U.S. 706, 715 n.1 (2001) (explaining a court reviewing administrative agency action may not "substitute counsel's *post hoc* rationale for the reasoning supplied by the" agency itself).

To be clear, the Court takes no stance on the correctness of Dr. Agarwal's opinions, and the Court is not suggesting the ALJ must, or should, find any of Dr. Agarwal's opinions persuasive to any particular degree.  Dyer, 395 F.3d at 1210 ("[The court] may not decide facts anew, reweigh the evidence, or substitute [the court's] judgment for that of the Commissioner.").  Rather, if the ALJ discredits the opinion of the physician, he must provide an adequate explanation of the consistency and supportability of the opinion.  See 20 C.F.R. §416.920c(b).  Without an adequate explanation from the ALJ, the Court is unable to exercise meaningful judicial review.  Accordingly, I **RECOMMEND** the Court **REMAND** the case to the Commissioner for further consideration.[5]

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).  I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or argument raised in a brief must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions

---

[5] Because I have recommended remand based on the ALJ's failure to properly assess the supportability and consistency of Dr. Agarwal's opinion, I decline to address Plaintiff's other enumerations of error.

on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 24th day of January, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA