# In the United States District Court for the Southern District of Georgia Brunswick Division

AMY INEZ LAWRENCE,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CV 2:20-067

## ORDER

Plaintiff Amy Lawrence moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. No. 25. Plaintiff requests $9,870.95 in attorney's fees ($8,113.77 in EAJA petition, id., and additional $1,757.18 for reply, dkt. no. 28). The Commissioner does not dispute fees should be awarded but opposes the amount Plaintiff requests. Dkt. No. 27. Plaintiff has replied, dkt. no. 28, and this motion is ripe for review.

## LEGAL AUTHORITY

The Court may award attorney's fees under the EAJA upon a showing that: (1) the claimant is a prevailing party, (2) the Government's position was not substantially justified, (3) the claimant's application was timely filed, (4) the claimant's net worth was less than $2 million when the complaint was filed, and

(5) no circumstances make the award unjust. See 28 U.S.C. § 2412(d). The fee award must also be reasonable. Id. § 2412(d)(2)(A).

## DISCUSSION

The Commissioner does not dispute that Plaintiff satisfied the first five requirements under § 2412(d). See Dkt. No. 27. The Commissioner does dispute, however, the reasonableness of the hours claimed by Plaintiff's counsel. See id.

"[T]he measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." The Court should exclude hours found to be "excessive, redundant, or otherwise unnecessary." Resolution Trust Corp. v. Hallmark Builders Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

The Court is an "expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" Vilano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001).

2

Here, the Commissioner makes four arguments against Plaintiff's motion for attorney fees: (1) Plaintiff claims fees for various non-compensable tasks; (2) Plaintiff should not be compensated for requesting an extension of time; (3) Plaintiff's paralegal billing rate is too high; and (4) Plaintiff should not be compensated for litigating fees. See generally Dkt. No. 27. Plaintiff responds that all the time billed is compensable, that the paralegal rate is justified, and that she should be compensated for drafting a reply brief to her fees motion. Dkt. No. 28.

I.   **Non-Compensable Tasks**

The Court first addresses the Commissioner's argument that Plaintiff seeks nonrecoverable fees for non-compensable tasks. Dkt. No. 26 at 3-6. "[N]either an attorney nor a paralegal may recover attorney's fees for time spent on work that is secretarial or clerical in nature." Milie v. City of Savannah, No. 4:18-CV-117, 2020 WL 4041118, at *9 (S.D. Ga. July 16, 2020). Such secretarial or clerical tasks clearly include filing or mailing documents; organizing files; administrative phone calls; scheduling; and drafting form pleadings. See id.; B & F Sys., Inc. v. LeBlanc, No. 7:07-CV-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012), aff'd, 519 F. App'x 537 (11th Cir. 2013). Along the same lines, some courts have reduced hours sought where the nature of the billing descriptions precludes the court from segregating non-compensable clerical work from compensable legal

3

work ("block billing"). See Anderson v. Surgery Ctr. of Cullman, Inc., No. 2:12-CV-00598-AKK, 2018 WL 8807149, at *11 (N.D. Ala. Aug. 27, 2018), aff'd, 839 F. App'x 364 (11th Cir. 2020). Further, courts have reduced hours sought for review of routine notices and docket entries, see Moser v. Comm'r of Soc. Sec., No. 8:19-CV-1829-T-JSS, 2020 WL 13411948, at *3 (M.D. Fla. Dec. 30, 2020), duplicative effort,[1] Am. C.L. Union of Georgia v. Barnes, 168 F.3d 423, 434 (11th Cir. 1999), as well as for excessive time spent on momentary tasks, Depriest v. Massanari, No. CA 00-0535-BH-C, 2001 WL 530478, at *4 (S.D. Ala. May 10, 2001).

The Court finds the following attorney entries to be clerical (or partially clerical), excessive, or block-billing and therefore not compensable: .4 of .7 hours to "Draft Complaint, CCS, LTC, Proposed Summons, Litigants' Bill of Rights & LR 7.1.1;" .05 of .1 hours to "Review motion for leave to proceed in forma pauperis, approve for filing;" .1 hours to "Review order granting motion for leave to proceed in forma pauperis;" .1 hours to "Review notice of appearance by Shannon Heath Statkus o/b/o Commissioner of SS;" .1 hours to "Note service returned executed by Defendants;" .2 of .3 hours to "Email with Opposing Counsel re: extension to file Defendant's answer/CAR;" .1 hours to "Review motion for extension

---

[1] Three attorneys and nine paralegals performed work on this matter. See Dkt. Nos. 26-3, 26-4. "With so many cooks in the kitchen, it is not surprising" when a "timesheet[] reflect[s] duplication and inefficiency." Morris v. Comm'r of Soc. Sec., No. 6:17-CV-1861, 2018 WL 6472657, at *3 (M.D. Fla. Dec. 10, 2018).

4

of time re: Defendant's answer/CAR;" .1 hours to "Review order granting motion for extension of time re: Defendant's answer/CAR;" .2 of .3 hours to "Email with Opposing Counsel re: second extension to file Defendant's answer/CAR;" .1 hours to "Review second motion for extension of time re: Defendant's answer/CAR;" .1 hours to "Review order granting second extension of time re: Defendant's answer/CAR;" .1 hours to "Review order directing filing of briefs, docket tentative deadlines;" .5 hours for "Preliminary review of transcript – assign Attorney writer;" .3 of .6 hours for "Senior attorney review of draft brief, suggest edits;" .1 of .3 hours to "Implement suggested edits, finalize and file Plaintiff's brief (n/c for filing);" 1 hour to "Review Defendant's brief (25 pages), assign writer to assess reply;" 2 of 4.1 hours to "Review CAR, briefs, draft Plaintiff's reply brief;" .1 of .3 hours for "Senior attorney review of draft reply, suggest edits;" .1 of .2 hours to "Implement suggested edits, finalize and file Plaintiff's reply brief (n/c for filing);" and .2 of .5 hours to "Review Timeslips and Finalize EAJA Narrative." Dkt. No. 26-3 at 2-3. Similarly, the following paralegal entries are clerical (or partially so), excessive, duplicative or block-billing and therefore not compensable:  .6 hours for "Files received, reviewed and processed from referral source for Attorney review;" .3 of .4 hours for "Telephone call with Client re: completed debt conference call, explained EAJA;" .5 of .6 hours for "Telephone call with Client

5

re: assistance with IFP application;" .6 hours for "FDC contract and other rep documents prepared for Client completion;" .3 hours for "FDC contract and other rep docs returned via Right Signature, reviewed for completion;" 1.5 hours to "Combine, Strip PDF/A, OCR and Live Bookmark Federal Court Transcript (1534 pages);" .2 of .3 hours for "Telephone call with Client re: remand explanation and process forward;" .3 hours for "Federal Court-Remand Referral Back to Referral Source;" 1.5 hours for "EAJA Preparation;" and .9 hours to "Ready EAJA Narrative, Timeslips, Exhibits, Certificate, File per Local Rule." This totals 5.95 attorney hours (1.55 at $203.94 hourly rate and 4.4 at $214.29 hourly rate) and 6.7 paralegal hours which will be subtracted from Plaintiff's counsel's compensable legal time.

## II.  Request for Extension of Time

The Commissioner next argues that it should not be charged for attorney and paralegal time for Plaintiff to obtain additional time to file her brief. Dkt. No. 27 at 6. The Commissioner contends such time is (1) clerical and (2) "for the convenience of counsel and . . . not properly billed to the client or, therefore, to the Government." Id. Plaintiff counters the extension was necessary because the agency's transcript backlog coupled with its new procedure for producing transcripts faster than ever "led to numerous deadlines for plaintiffs' attorneys," "flood[ing] a system that was already overburdened." Dkt. No. 28 at 7.

6

Additionally, Plaintiff argues that the extension was not for the benefit of Plaintiff alone and that the Commissioner—who also had numerous deadlines—benefitted just the same. Id.

A fee award under the EAJA is limited to those hours that are necessary and reasonably expended. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Other courts have disallowed recovery under the EAJA for time spent on motions for extensions of time where the need for an extension was caused by the prevailing party's counsel's inefficient case management. See Hensley v. Principi, 16 Vet. App. 491, 498 (2002) ("Although the Court's Rules permit such motions [for extension], permitting an appellant to ask for an extension of a deadline and finding that the public should subsidize such efforts are two entirely different matters."); Strazzella v. Shinseki, No. 07-2864 E, 2011 WL 398392, at *7 (Vet. App. 2011) (unpublished) ("The time spent on such motions is not compensable to the extent that it would not have been necessary 'had the appellant's counsel more efficient managed his workload.'" (quoting Principi, 16 Vet. App. at 499)).

Here, Plaintiff claims .1 paralegal hours for "Email with Opposing Counsel re: extension to file Plaintiff's Brief," .3 attorney hours to "Draft and file consent motion for extension of time re: Plaintiff's brief," and .1 attorney hours to "Review order granting motion for extension of time re: Plaintiff's brief, reschedule briefing deadline." Dkt. Nos. 26-3 at 3, 26-4 at 3.

7

The Court finds that Plaintiff's reason for requesting an extension is valid and out of his control. However, a portion of the time spent is necessarily clerical and routine in nature. Therefore, Plaintiff will be awarded no paralegal hours and .2 of .4 attorney hours (at $214.29/hour) for preparing the motion for extension. This reflects a reduction of .2 attorney hours (at $214.29/hour) and .1 paralegal hours for the amount billed.

### III. Paralegal Rate

The Commissioner objects to Plaintiff's requested rate of $100 per hour for paralegal work performed from 2020-22. Dkt. No. 27 at 13-14; see also Dkt. No. 26-4. Plaintiff argues that the paralegal rate in this district should be increased from $75 to $100 to be more in line with the National Utilization and Compensation Survey Report created by the National Association of Legal Assistants. Dkt. No. 28 at 11-12.

Courts use the prevailing market rate to determine the appropriate fee to award for the use of a paralegal. Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 577-78 (2008). The plaintiff has the burden to produce evidence that the requested rates are in line with market rates in the community. Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); N.A.A.C.P. v. City of Evergreen, 812 F.2d 1332, 1338 (11th Cir. 1987). "[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar

8

lawsuits." Norman v. Housing Authority, 836 F.2d 1292, 1299 (11th Cir. 1988).

In short, Plaintiff has not met her burden to produce evidence to show a $100 paralegal rate is in line with market rates *in this district*. Indeed, rather than producing affidavits from local paralegals, Plaintiff argues only why the paralegal market rate *should* be increased, not that it in fact *has* been increased since this Court's 2019 decision in Horton v. Saul, CV 417-199, 2019 WL 6040184, at *2 (S.D. Ga. Nov. 13, 2019), which found a $75 paralegal rate to be reasonable. Plaintiff's compensable paralegal time will be reduced to a rate of $75 per hour.

**IV. Litigating Fees**

Lastly, the Commissioner argues that time Plaintiff spent preparing his reply to the Commissioner's response in opposition to Plaintiff's EAJA petition is not compensable. Dkt. No. 27 at 14-16. Plaintiff argues fee litigation is compensable and requests an additional 8.2 attorney hours at $214.29 per hour, for a total of $1,757.18. Dkt. Nos. 28 at 6, 28-7.

The Supreme Court has stated, "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n.10 (1990). Here, Plaintiff was partially successful in defending her EAJA petition. However, the Court finds the number of hours spent on drafting the reply is excessive, and much of the

9

reply is boilerplate contained in Plaintiff's replies in other social security cases. See, e.g., Barnhill v. Kijakazi, No. 2:20-cv-96 (S.D. Ga.), ECF 27. As such, the Court awards Plaintiff $300 of the $1,757.18 requested for drafting the reply.

## CONCLUSION

Plaintiff's requested attorney's fees award of $9,870.95 ($8,113.77 EAJA petition + $1,757.18 for reply) should be reduced to $6,424.44 (1.55 attorney hours at $203.94/hour; 27 attorney hours at $214.29/hour; .3 paralegal hours at $75/hour; and $300.00 for reply), which is reasonable compensation for the work performed.

The Court **ORDERS** as follows:

1) Plaintiff should be awarded $6,424.44 in attorney's fees.
2) The United States Department of the Treasury should determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the Government should accept Plaintiff's assignment of EAJA fees and pay the fees awarded directly to Plaintiff's counsel.

**SO ORDERED**, this 19 day of August, 2022.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA